# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>EMIRU NIGUSE TEFERA,<br><br>        Defendant. | Case No. 10-1116M<br><br>**ORDER OF DETENTION** |

I.

A.    ( ) On motion of the Government involving an alleged:

    1.    ( ) crime of violence.

    2.    ( ) offense with maximum sentence of life imprisonment or death.

    3.    ( ) narcotics or controlled substance offense with maximum sentence of ten or more years.

    4.    ( ) felony where defendant was convicted of two or more prior offenses described above.

    5.    ( ) felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250.

B. (X) On motion by the Government ( ) the court's own motion, in a case allegedly involving:

(X) the further allegation by the Government that there is:

1. (X) a serious risk defendant will flee.

2. ( ) a serious risk defendant will:

    a. ( ) obstruct or attempt to obstruct justice.

    b. ( ) threaten, injure, or intimidate a prospective witness or juror, or attempt to do so.

C. The Government is ( ) is not (X) entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure defendant's appearance as required and the safety of any person or the community.

II.

The court has considered:

A. the nature and circumstances of the offense(s), including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor or a controlled substance, firearm, explosive, or destructive device;

B. the weight of evidence against the defendant;

C. the history and characteristics of the defendant; and

D. the nature and seriousness of the danger to any person or to the community.

III.

The court has considered all the evidence adduced at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report.

IV.

A. The court finds that no condition or combination of conditions will reasonably assure:

1. (X) the appearance of defendant as required.

    ( ) and/or

2. ( ) the safety of any person or the community.

D. IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DATED: ___May 11___, 2010.

_____
Fernando M. Olguin
United States Magistrate Judge

B. The court bases the foregoing finding(s) on the following:

1. (X) Flight Risk: The history and characteristics indicate a serious risk that defendant will flee because: <u>(1) he lacks bail resources; (2) his background information is unverified; and (3) defendant submitted to detention request.</u>

2. ( ) Danger: Defendant poses a risk to the safety of other persons or the community because: _____

3. (X) <u>See also</u> Pretrial Services Report/Memorandum.

4. ( ) Defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute.

V.

A. The court finds that a serious risk exists that defendant will:

1. ( ) obstruct or attempt to obstruct justice.

2. ( ) threaten, injure or intimidate a witness or juror.

3. ( ) attempt to threaten, injure or intimidate a witness or juror.

B. The court bases the foregoing finding(s) on the following:

_____

( ) <u>See also</u> Pretrial Services Report/Memorandum.

VI.

A. IT IS THEREFORE ORDERED, without prejudice, that defendant be detained prior to trial.

B. IT IS FURTHER ORDERED that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C. IT IS FURTHER ORDERED that defendant be afforded a reasonable opportunity for private consultation with counsel.